**UNITED STATES of America,**

v.

**Eric T. CONDE, Appellant.**

**No. 02–2393.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Dec. 12, 2002.

Decided Dec. 19, 2002.

Before FUENTES and STAPLETON, Circuit Judges, and O'KELLEY,* District Judge.

OPINION OF THE COURT

FUENTES, Circuit Judge.

The District Court revoked Defendant Eric Conde's supervised release after receiving Probation Officer Thomas Miller's violation of supervised release report and holding a hearing in the matter. Conde appeals the District Court's decision to revoke his supervised release and sentence him to 14 months imprisonment. We have jurisdiction to hear this appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

In 1993, Conde was convicted of distribution of more than five grams of crack cocaine and receipt of firearms in interstate and foreign commerce. Following his conviction, the District Court sentenced Conde to 96 months imprisonment and five years supervised release. Conde served less than the full 96 months, and was released on supervised release. On November 15, 2000, Conde appeared before the District Court because his probation officer alleged that he had violated

---

* Hon. William C. O'Kelley, U.S. District Judge for the Northern District of Georgia, sitting by designation.

some of the conditions of his supervised release. He pled guilty to the probation officer's allegations that he had failed to submit a monthly supervision report and to inform the U.S. Probation Office of an arrest within 72 hours after its occurrence. The District Court sentenced Conde to a nine-month custodial term to be followed by 27 months of supervised release.

Conde was released to supervision again on July 18, 2001. On April 15, 2002, Probation Officer Miller submitted a violation of supervised release report to the District Court alleging five violations of supervision conditions.[1] On May 2, 2002, the District Court held a hearing regarding the alleged violations during which he heard testimony from Probation Officer Miller, Investigator Charles Bentham, Conde, and his fiancee, Janielle Stewart. The District Court found that Conde had violated the conditions alleged by Probation Officer Miller and, on May 6, 2002, sentenced him to a term of 14 months imprisonment to be followed by 13 months of supervised release.

At the district court level, the Government has the burden of proving by a preponderance of the evidence that at least one of the conditions of the defendant's supervised release was violated. 18 U.S.C. § 3583(e)(3). If the district court finds that a violation occurred, it has discretion to revoke or modify the defendant's supervised release. *Id.* On appeal, the district court's decision to revoke supervised release is reviewed only for abuse of discre-

tion. *See Government of the Virgin Islands v. Martinez,* 239 F.3d 293, 297 (3d Cir.2001).

Conde argues that each of the District Court's five findings of violations were unsupported by the record. He also asserts that the District Court was predisposed to rule against him and that the probation officer "railroaded" him into conduct that was harmless and lawful. We are not persuaded by Conde's arguments.

The District Court heard the testimony of four witnesses, including Conde and his fiancee, reviewed the exhibits presented by the Government and the defense, and made findings of fact. The District Court found that the Government had met its burden of proof with respect to each of the violations alleged by Probation Officer Miller.

We have reviewed the record and find that the District Court's findings were adequately supported by the record. The proof presented by the Government established that Conde had, in fact, failed to file two monthly reports, work regularly, stay away from areas in which drugs were sold, and report interactions with law enforcement. The evidence submitted by the defense did not substantially refute the proof presented by the Government; it merely added context and *post hoc* explanations for each of Conde's violations. In any event, the District Court was in the best position to determine witness credibility. *See United States v. Whalen,* 82 F.3d 528, 531 (1st Cir.1996) (holding district court's

---

1. Specifically, the District Court found that Conde had violated the following supervision conditions: 1) "You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month"; 2) "You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer"; 3) "You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons"; 4) "You shall not frequent places where controlled substances are illegally sold, used, distributed, or administered"; and 5) "You shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer." (App. pp. 3–4).

credibility determinations concerning evidence presented at a supervised release revocation hearing not reviewable on appeal). Thus, we find that the District Court's decision to revoke Conde's supervised release did not constitute an abuse of discretion. We therefore affirm.