

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2008

# USA v. Leon Nisbett

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1875

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Leon Nisbett" (2008). *2008 Decisions.* Paper 106.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/106

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1875
_____

UNITED STATES OF AMERICA

v.

LEON MARTIN NISBETT,

Appellant

_____

On Appeal from the District Court of the Virgin Islands
(D. V.I. No. 03-cr-00021-001)
District Judge: Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2008

Before: FISHER, JORDAN and STAPLETON, *Circuit Judges*,

(Filed: December 15, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Leon Martin Nisbett ("Nisbett") appeals from a Final Judgment and Commitment

Order of the District Court of the Virgin Islands of the United States for violating the

terms of his supervised release (the "Supervised Release Revocation Order"). Nisbett's

attorney has filed a motion to withdraw as counsel from this case, along with a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). We notified Nisbett of his right to submit a *pro se* brief in support of his appeal and he has done so. For the reasons that follow, we will grant counsel's request to withdraw and affirm the Supervised Release Revocation Order.

I.      Background

Nisbett's underlying conviction is for Failure to Appear, in violation of 18 U.S.C. § 3146(a)(1) and (b)(1)(A), and Carrying Dangerous Weapons, in violation of 14 V.I.C. § 2253(a). His sentence included a three-year term of supervised release, the terms of which included, but were not limited to, (1) reporting to the United States Office of Probation between the first and fifth of each month; (2) refraining from the unlawful use of a controlled substance; (3) not leaving the District of the Virgin Islands without permission from the Court or his probation officer; and (4) notifying the probation office within seventy-two hours of any arrest.

In July 2007, the United States Probation Office issued a warrant for Nisbett's arrest for violating the terms of his supervised release by failing to report to his probation officer. Furthermore, in January 2008, the Probation Office discovered that Nisbett was in custody in Antigua, West Indies on suspicion of a double homicide. He was then expelled from Antigua and, upon his arriving in Puerto Rico, was arrested on the outstanding warrant for violating the terms of his supervised release. The Probation

2

Office discovered that Nisbett had also been earlier arrested in the Virgin Islands for possessing twenty-seven small bags of marijuana. Prior to the issuance of the arrest warrant in July 2007, Nisbett had last reported to the Probation Office on February 2, 2007, and had failed to report his arrests.

In March 2008, the District Court held a hearing on the possible revocation of Nisbett's supervised release. Probation Officer Brian Smith testified about Nisbett's violations and, based on that evidence, the Court found that Nisbett had breached the conditions of release and "resentenced [him] to nine (9) months incarceration with a two (2) year period of supervised release." (A-19, 38, 51-52.) The Supervised Release Revocation Order was issued in April 2008 and this appeal followed.

II. Discussion

The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a). We exercise jurisdiction pursuant to 28 U.S.C. § 1291.[1]

Our Court's Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting [*Anders*]

_____

[1] The government has the burden of proving a violation of a defendant's supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008). We review the District Court's decision to revoke supervised released for abuse of discretion. *Maloney*, 513 F.3d at 354 (citing *Virgin Islands v. Martinez*, 239 F.3d 293, 297 (3d Cir. 2001)). The factual findings supporting that decision are reviewed for clear error and the legal issues are subject to *de novo* review. *Id*. (internal citations omitted).

3

brief." In considering counsel's *Anders* brief, we examine: "whether counsel adequately fulfilled the rule's requirements," and "whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). To fulfill the requirements of Rule 109.2(a), the brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). At a minimum, the brief must assure us that counsel has made a conscientious examination of the record. *Id.*

In this case, defense counsel's brief plainly demonstrates the requisite examination of the record and provides the necessary explanation as to why the issues Nisbett wishes to raise are frivolous. We also conclude, after our own independent analysis of the record, that this appeal presents no non-frivolous issues.

Nisbett raises several objections to the findings of the District Court. The first, an allegation that the District Court lacked jurisdiction, is frivolous on its face and warrants no discussion. We also decline to address the charge of ineffective assistance of counsel, as it is well settled that such claims are generally to be raised in collateral proceedings. *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). The remaining issues are discussed briefly.

*A.    The Government Had Probable Cause To Seek Revocation of Nisbett's*
*Supervised Release, As Demonstrated By Sufficient Evidence*

Nisbett breached the conditions of his supervised release by leaving the country without permission and by being arrested twice and failing to report those arrests to his probation officer.  Brian Smith of the Probation Office testified to those violations.  As to the assertion that Probation Officer Smith's testimony relied on hearsay, we note that hearsay is permitted in revocation hearings.  *See* FED. R. EVID. 1101(d)(3).  Based on the evidence recounted in that testimony, which supported the charged violations, the government had probable cause to seek the revocation of Nisbett's supervised release.

*B.    Nisbett Received Proper Notice Of The Revocation Hearing And The*
*Alleged Violations*

Nisbett broadly asserts that his due process rights were violated because he didn't receive adequate notice of the alleged violations.  The District Court addressed at the revocation hearing the alleged deficiencies in the notice, and Nisbett's counsel acknowledges that Nisbett "was given written notice of the claimed violations of the supervised release and the evidence against him."  (Appellant Br. at 7 (citing *United States v. Maloney*, 513 F.3d 350, 356 (3d Cir. 2008) (citing, *inter alia,* FED. R. CRIM. P. 32.1)).)  Nisbett has not provided any evidence to the contrary.

Nisbett also argues that his due process rights were violated because the revocation hearing occurred in St. Thomas, while he had a right to be heard in St. Croix, where the warrant was issued.  Both St. Thomas and St. Croix fall within the jurisdiction of the

District Court of the Virgin Islands. There is no right to be heard in a specific courthouse within the jurisdiction of that Court. In short, there is nothing to suggest a deprivation of due process in this case.

III.    Conclusion

Accordingly, counsel's request to withdraw will be granted and the District Court's Supervised Release Revocation Order will be affirmed, without prejudice to any ineffective assistance of counsel claim Nisbett may choose to pursue hereafter in an appropriate proceeding.[2]

---

[2]This qualification implies nothing about the merits of any such claim.