**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2232
_____

UNITED STATES OF AMERICA

v.

STEPHON   PAIGE,
                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court   No. 1-06-cr-00505-001
District Judge: The Honorable Joseph H. Rodriguez


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 27, 2011

Before: McKEE, *Chief Judge*, and SMITH, *Circuit Judges*,
and STEARNS, *District Judge*[*]

(Filed: February 3, 2011)


OPINION


STEARNS, *District Judge*.

_____

[*] The Honorable Richard G. Stearns, United States District Judge for the United States District Court of Massachusetts, sitting by designation.

This is an appeal from a revocation of supervised release and a subsequent sentence. On October 20, 2006, Stephon Paige was sentenced by the New Jersey District Court to eighteen-months imprisonment and three years of supervised release following a conviction for uttering counterfeit securities. On March 23, 2010, the United States Probation Office filed a petition alleging nine violations of Paige's conditions of supervised release. Paige pled guilty on April 21, 2010, to one of the nine violations – the failure to maintain lawful employment (violation 1) – and the remaining alleged violations were dismissed.[1] Judge Rodriguez accepted the plea and conducted a sentencing colloquy with counsel for Paige and the government. Paige admitted irresponsibility, but requested house arrest or no more than four-months incarceration (the advisory Guidelines minimum). The government advocated for a sentence of ten-months imprisonment, which the court imposed, followed by two years of additional supervised release.[2] The court stated its belief that a term of incarceration was appropriate in light of Paige's failure to make good-faith efforts to comply with the terms of his supervised release and his

---

[1] These were: (2) Failure to notify probation officer of September 1, 2009 arrest for bail jumping in a child support case; (3) Positive drug test; (4) Failure to submit monthly written reports; (5) Failure to fulfill curfew obligation; (6) Failure to report to probation office as directed; (7) Failure to comply with code-a-phone requirements; (8) Failure to attend literacy classes; and (9) Failure to pay child support.

[2] Violation 1 is a Grade C violation that carries a statutory maximum sentence of 24-months imprisonment.

"continuing lack of respect and continuing violations of conditions that are reasonable . . . ."[3]

After the sentencing, Paige was advised by his counsel that he had no basis for an appeal. Nonetheless, Paige informed counsel of his desire to appeal the sentence. On April 26, 2010, counsel filed a Notice of Appeal on Paige's behalf. After reviewing the record and reporting no viable issue for appeal, Paige's counsel requests to withdraw pursuant to *Anders v. California*, 386 U.S. 744 (1967). *See also* 3d Cir. L.A.R. 109.2(a).

In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we explained that an *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and the brief must "explain why the [identified] issues are frivolous." Our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders,* 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous"). If the review fails to identify any nonfrivolous issues, the court "may grant counsel's request to withdraw

_____

[3] Paige's probation officer made numerous attempts to assist Paige, including two in-office adjustment sessions, and an offer to drive Paige to different places of

and dismiss the appeal." *Id.*

We find counsel's *Anders* brief to comply with the court's directives. It identifies three potentially appealable issues – jurisdiction; whether the plea colloquy was defective; and the legality of the sentence – and explains why each of these issues presents a frivolous ground of appeal. *See United States v. Broce*, 488 U.S. 563, 569 (1989) (following an unconditional guilty plea, a defendant may only challenge the validity of the plea or the court's jurisdiction); *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) (per curiam) (a valid guilty plea waives all prior constitutional errors unless related to the court's authority to "hal[e] a defendant into court on a charge."). Counsel's *Anders* brief discusses the plea hearing, the standard of review (revocation of supervised release is reviewed for an abuse of discretion, *see Gov't of the Virgin Islands v. Martinez*, 239 F.3d 293, 297 (3d Cir. 2001)), and demonstrates that the District Court fully complied with and, if anything, exceeded the requirements of Fed. R. Crim. P. 32.1(b)(2). The District Court gave meaningful consideration to the factors set out in 18 U.S.C. § 3553(a), and the sentence fell within the advisory Guidelines range and was well below the applicable statutory maximum.

As after our own review of the record, we agree with counsel that there are no nonfrivolous issues meriting an appeal, we will grant counsel's motion to

possible employment to submit job applications. Paige declined all of the offers.

withdraw and affirm the District Court's revocation of Paige's supervised release and the sentence imposed.