**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1513
_____

UNITED STATES OF AMERICA

v.

KEITH STEPHENS,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2:06-cr-249-1)
District Judge:  Honorable Jose L. Linares

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 15, 2011
_____

Before:  CHAGARES, ALDISERT, Circuit Judges, and RESTANI, Judge.[1]

(Filed : November 23, 2011)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Keith Stephens appeals his sentence of four months of incarceration and one year

of supervised release that was imposed upon a revocation of supervised release.  His

_____

[1]  Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting
by designation.

attorney maintains that there are no non-frivolous issues to appeal and moves to withdraw as counsel under Anders v. California, 386 U.S. 738 (1967). We will grant the motion and affirm the sentence.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. In 2006, Stephens entered into a plea agreement with the Government in which he pled guilty to conspiracy to commit identity theft in violation of 18 U.S.C. § 1029(b)(2). He was sentenced to 43 months of imprisonment followed by three years of supervised release and was ordered to pay restitution in the amount of $222,652.

Stephens's period of supervised release commenced on December 17, 2007. On December 15, 2010, Probation filed a Petition for Warrant or Summons for Offender Under Supervision due to the following alleged probation violations: (1) several instances of failing to report to his probation officer, (2) failing to notify Probation of a change of address, and (3) failing to comply with the restitution order. On January 19, 2011, Probation added a fourth violation, alleging that Stephens failed to inform Probation of his purchase of real estate and incurrence of a $130,000 loan secured by a mortgage on the real estate.

At Stephens's revocation hearing on February 8, 2011, pursuant to an agreement between the parties, the Government dismissed the first and third violations and Stephens pled guilty to the second and fourth, both C violations. After a colloquy, the District Court accepted Stephens's plea. The United States Sentencing Guidelines range for the two C violations was 4–10 months imprisonment. The Government requested a six-

2

month prison sentence with 24 months of supervised release. Stephens's counsel requested four months of house arrest followed by six months of supervised release and pointed to the following as mitigating circumstances: (1) the violations had occurred almost a year before the petition for revocation at a point when Stephens had almost completed his supervised release, and (2) Stephens was unable to keep up with restitution or child support for his three children because he was unemployed and relying on his girlfriend and mother financially.

The District Court sentenced Stephens to four months of incarceration but recommended that it be served at a community confinement center or halfway house. The Court also sentenced Stephens to a year of supervised release. Stephens was directed to self-surrender on March 28, 2011 and was designated to the Metropolitan Correctional Center in New York, New York. Thereafter, he twice requested deferral of surrender, questioning why he was not sent to a halfway house. On February 22, 2011, Stephens filed a timely pro se notice of appeal of his sentence.[2] His counsel on appeal thereafter moved to withdraw and filed an Anders brief in support of the motion.

II.

Counsel may seek to withdraw from representation if, after a conscientious examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit[.]" 3d Cir. L.A.R. 109.2(a) (2008); see also Anders, 386 U.S. at 744. Evaluation of an Anders motion requires a twofold inquiry: (1) whether

---

[2] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3), and we have jurisdiction under 28 U.S.C. § 1291.

3

counsel has thoroughly examined the record for appealable issues and has explained in a brief why any such issues are frivolous; and (2) "whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If we determine that "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Id. at 301 (quotation marks and citation omitted). A District Court's revocation of supervised release and corresponding sentence are reviewed for abuse of discretion. United States v. Doe, 617 F.3d 766, 769 (3d Cir. 2010); Gov't of V.I. v. Martinez, 239 F.3d 293, 297 (3d Cir. 2001). "Absent procedural error, we will affirm the sentencing court unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Doe, 617 F.3d at 770 (quotation marks omitted).

We conclude that counsel's Anders brief is adequate, and thus, it will guide our independent review of the record. Stephens's counsel asserts that (1) there is no evidence that Stephens was incompetent or unable to understand the revocation proceedings, and (2) his plea was entered voluntarily after a thorough colloquy in accordance with Fed. R. Crim. P. 32.1(b). We agree that the plea colloquy complied with Fed. R. Crim. P. 32.1(b) and that Stephens's guilty plea was knowing and voluntary. The District Court asked Stephens whether he had consulted with counsel, understood the repercussions of his plea, and was pleading voluntarily. Thus, our independent review of the record confirms that an appeal on the basis of the guilty plea would be wholly frivolous.

4

Stephens's counsel also opines that the sentence was not an abuse of the District Court's discretion because the four-month sentence was at the bottom of the advisory Guidelines range and Stephens received only one out of two possible years of supervised release. Nor does it present a problem, she argues, that Stephens was designated to a correctional facility instead of a community confinement center because the District Court only recommended (and did not order) that he be incarcerated in an alternative facility. United States v. Serafini, 233 F.3d 758, 778 n.23 (3d Cir. 2000) ("[A] district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence.").

We agree that any challenge to the plea colloquy, sentence, or location of Stephens's incarceration would be frivolous. The District Court considered the factors set forth in 18 U.S.C. § 3553(a) and chose a sentence that was at the low end of the Guidelines range. There is nothing in the record indicating that the sentence was inappropriate. We conclude, therefore, that counsel has adequately shown that there are no non-frivolous issues and our independent review of the record reveals that there are no appealable issues of merit.

### III.

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the sentence of the District Court.

5