**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1787
_____

UNITED STATES OF AMERICA

v.

EDWIN ROJAS,

Appellant

On Appeal from the District Court of the Virgin Islands
(Division of St. Thomas and St. John)
(D.C. No. 3-08-cr-00065-001)
District Judge:  Honorable Curtis V. Gomez

Submitted Pursuant to Third Circuit LAR 34.1(a)
on December 8, 2011

Before:  FISHER, GREENAWAY, JR. and ROTH, <u>Circuit Judges</u>

(Opinion filed: January 25, 2012)

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

Edwin Rojas appeals the revocation of his term of supervised release and the

imposition of a fifteen-month prison sentence in relation to his previous conviction for

transporting illegal aliens.  His attorney has filed a motion to withdraw as his counsel and

has submitted a brief in support thereof, as required by *Anders v. California*, 386 U.S.

738 (1967). We agree with the attorney that this appeal is wholly frivolous and will therefore grant the withdrawal motion and affirm the sentencing decision.

## I. Background

On June 24, 2008, as a result of pleading guilty to transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), Rojas was sentenced to time served and three years of supervised release. Approximately one year later on July 13, 2009, he was arrested in Puerto Rico for again attempting to transport an illegal alien within the United States, and he ultimately pleaded guilty to this second charge as well. Because committing this second offense and traveling outside the Virgin Islands were both violations of the terms of Rojas's supervised release, the District Court revoked that sentence and imposed a fifteen-month prison term in its place. Rojas now appeals.

Rojas's court-appointed attorney has, however, moved to withdraw as counsel and has filed a brief explaining that this appeal is wholly frivolous. This Court advised Rojas of his attorney's submissions and invited him to provide a brief identifying any errors in the District Court's sentencing decision, but he failed to do so. We now consider the validity of Rojas's appeal. We have jurisdiction under 18 U.S.C. § 3742.

## II. Analysis

Under *Anders v. California*, if counsel "finds [a] case to be wholly frivolous, after a conscientious examination" of the potential issues for appeal, he should "advise the court and request permission to withdraw." 386 U.S. at 744. Such a request must be

2

accompanied by a brief that "satisf[ies] the court that counsel has thoroughly examined the record in search of appealable issues" and "explain[s] why [those] issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). We will grant the motion to withdraw and further dispose of the appeal if we find that counsel has met this obligation and if we agree that the case presents no non-frivolous issues for review. *Id.*

We find that Rojas's attorney has conscientiously examined the record and adequately explained that there are no viable issues for appeal. As the attorney's brief notes, the only potential sources of error in the order that Rojas appeals are the District Court's decisions to (1) revoke the term of supervised release and (2) sentence Rojas to a fifteen-month prison term. Both of these orders are reviewed in this Court for abuse of discretion, *see Gov't of V.I. v. Martinez*, 239 F.3d 293, 297 (3d Cir. 2001); *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010), and Rojas's attorney convincingly explains why neither is reversible under this standard. As to the revocation decision, the attorney has identified not only the portions of the record that establish that traveling outside of the Virgin Islands and illegally transporting aliens within the United States are prohibited by the conditions of Rojas's supervised release but also Rojas's own testimony admitting to these violations. And as for the fifteen-month prison sentence, Rojas's attorney explains that it is within the twelve to eighteen month range recommended by the United States Sentencing Guidelines and identifies the portion of the record showing that the District Court considered the required sentencing factors. We are satisfied that, by

3

presenting this analysis, Rojas's attorney has met his obligations to conscientiously examine the record for appealable issues and to demonstrate why they are without merit. We further agree with the attorney's conclusions that neither the revocation of Rojas's supervised release nor the imposition of a fifteen-month prison sentence in its place was an abuse of the District Court's discretion, and we accordingly find that Rojas's appeal is wholly frivolous.

## III. Conclusion

For the reasons stated above, we will grant Rojas's attorney's motion to withdraw and affirm the District Court's judgment of sentence.