**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3816
_____

UNITED STATES OF AMERICA

v.

JESSE LEE ALSTON,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1:06-cr-00307-001)
District Judge:  Hon. Christopher C. Conner

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 26, 2012
_____

Before:  SLOVITER, CHAGARES, and JORDAN, Circuit Judges.

(Filed: June 27, 2012)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Jesse Lee Alston appeals his sentence of eight months of incarceration that was

imposed upon a revocation of supervised release.  His attorney maintains that there are no

non-frivolous issues to appeal and moves to withdraw as counsel under Anders v. California, 386 U.S. 738 (1967). We will grant the motion and affirm the sentence.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. In 2006, Alston entered into a plea agreement with the Government in which he pled guilty to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. He was sentenced to a term of 51 months imprisonment and three years of supervised release and was ordered to pay a special assessment of $100 and a fine of $500.

On August 10, 2011, the Office of Probation filed a Petition for Warrant or Summons for Offender Under Supervision due to the following alleged probation violations: (1) failure to timely submit monthly reports; (2) failure to appear for drug testing as required or as scheduled; (3) failure to pay the fine, even though Alston was working; (4) submission of positive urine tests or tests not in compliance because the urine tested was not from a human or otherwise was diluted; (5) overstay of permission to travel to North Carolina when permission was granted to attend Alston's father's funeral; and (6) arrest for driving without a license, which was not timely reported to the probation officer as required.

On September 22, 2011, Alston appeared with counsel before the District Court. He stated under oath in response to the District Court's questioning that he had reviewed the allegations of supervised release violations with counsel. Counsel stated that no testimony was necessary because Alston intended to admit the violations. The District

Court reviewed the violations in detail and Alston stated that he understood the allegations and that his waiver of a revocation hearing constituted his admission of the violations. The District Court found that Alston was competent and capable of entering a knowing and voluntary waiver. The District Court accepted Alston's waiver and found him guilty of committing the violations.

The advisory United States Sentencing Guidelines range for Alston's Grade C violations was eight to fourteen months of imprisonment. The Government requested a sentence in the middle of the advisory Guidelines range. Alston's counsel requested a sentence at the bottom or slightly below the bottom of that range, based on the positive steps Alston had taken during his supervised release.

The District Court sentenced Alston to eight months of incarceration and no term of supervised release. In rendering its sentence, the District Court noted that it had considered "all of the appropriate factors set forth in Section 3553(a) . . . ." App. 46. Alston directed counsel to file a Notice of Appeal. His counsel moved to withdraw and filed an Anders brief in support of the motion. Alston did not file a pro se submission.[1]

II.

Counsel may move to withdraw from representation if, after a conscientious examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit . . . ." 3d Cir. L.A.R. 109.2(a); see also Anders, 386 U.S. at 744. Our evaluation of an Anders motion to withdraw requires a twofold inquiry: (1)

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3), and we have jurisdiction under 28 U.S.C. § 1291.

whether counsel has thoroughly examined the record for appealable issues and has explained in a brief why any such issues are frivolous and (2) whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If we determine that "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Id. at 301 (quotation marks and citation omitted). A District Court's revocation of supervised release and corresponding sentence are reviewed for abuse of discretion. United States v. Doe, 617 F.3d 766, 769 (3d Cir. 2010); Gov't of V.I. v. Martinez, 239 F.3d 293, 297 (3d Cir. 2001). "Absent procedural error, we will affirm the sentencing court unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Doe, 617 F.3d at 770 (quotation marks omitted).

We conclude that counsel's Anders brief is adequate, so it will guide our independent review of the record. Alston's counsel asserts that (1) there are no non-frivolous appealable issues as to jurisdiction or due process; (2) Alston has no basis to argue that his waiver of his procedural rights was invalid; and (3) Alston has no basis to assert that his bottom of the advisory Guidelines range sentence of eight months of incarceration was illegal or unreasonable.

We agree that there are no issues of merit as to the District Court's jurisdiction. The District Court had jurisdiction over the substantive offense pursuant to 18 U.S.C. § 3231 and was authorized to revoke a sentence of supervised release pursuant to 18 U.S.C. § 3583(e). Moreover, the District Court complied with the due process requirements for

4

revocation of supervised release pursuant to <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 782-91 (1973), <u>Black v. Romano</u>, 471 U.S. 606, 610-14 (1985), and Federal Rule of Criminal Procedure 32.1. Specifically, Alston had notice of the alleged violations, the hearing was held within a reasonable time of the filing of the Petition, Alston was represented by counsel at the hearing, the District Court afforded Alston's counsel the opportunity to address the court and the District Court gave Alston an opportunity to speak on his own behalf.

We also agree there are no non-frivolous arguments that Alston's admission of the violation was not knowing and voluntary. Responding to the District Court's questions, Alston stated under oath that he had consulted with counsel about the alleged violations. App. 32. After the District Court summarized the allegations and made Alston aware of the consequences of admitting them, Alston stated that he understood the allegations and wished to admit them and waive his right to a revocation hearing. App. 32-36. The District Court found that Alston was "fully alert, competent, and capable of entering a knowing and voluntary waiver of the right to a revocation hearing." App. 36. Thus, our independent review of the record confirms that an appeal on the basis of the waiver would be wholly frivolous.

Alston's counsel also opines that the sentence was not an abuse of the District Court's discretion because the eight-month sentence was at the bottom of the advisory Guidelines range. The District Court considered the factors set forth in 18 U.S.C. § 3553(a) and chose a sentence that was at the bottom of the Guidelines range. In doing so, the District Court specifically noted that it could have imposed a term of supervised

release pursuant to 18 U.S.C. § 3583(h) but exercised its discretion not to so that Alston would "get[] a fresh start," but also noted the seriousness of his conduct and the extent to which a sentence would affect Alston's transition back into society. App. 45-48. There is nothing in the record indicating that the sentence was inappropriate.

We hold, therefore, that counsel has adequately shown that there are no non-frivolous issues and our independent review of the record reveals that there are no appealable issues of merit.

III.

When we conclude that, as in this case, the appeal is without merit, our local rules require that we grant counsel's <u>Anders</u> motion and dispose of the appeal without appointing new counsel. 3d Cir. L.A.R. 109.2(a). Accordingly, we will grant counsel's motion to withdraw and will affirm the judgment of sentence of the District Court.