**UNITED STATES of America, Appellee,**

v.

**Pierre GUEVREMONT, Appellant.**

**No. 86–5827.**

United States Court of Appeals,
Third Circuit.

Argued July 13, 1987.

Decided Sept. 22, 1987.

Rehearing and Rehearing En Banc
Denied Oct. 30, 1987.

William J. Prout, Jr., Brian C. Matthews (argued), Tompkins, McGuire & Wachenfeld, Newark, N.J., for appellant.

Samuel A. Alito, Jr., U.S. Atty., Samuel P. Moulthrop, Chief, Appeals Div. John P. Lacey (argued), Asst. U.S. Atty., Newark, N.J., for appellee.

Before HIGGINBOTHAM, BECKER and HUNTER, Circuit Judges.

**OPINION OF THE COURT**

BECKER, Circuit Judge.

18 U.S.C. § 3651, the so-called "split sentence" statute, empowers the judge to

> impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

Where a defendant has been convicted of only one count, the split sentence is the only vehicle by which a defendant can be both incarcerated and placed on probation. *See* A. Partridge, A. Chaset & W. Eldridge, *The Sentencing Options of Federal District Judges* at 6 (Federal Judicial Center, June 1983). In this single count case, the district court had sentenced defendant Pierre Guevremont to an eighteen month sentence of incarceration, but, pursuant to

Federal Rule of Criminal Procedure 35(b),[1] desired to reduce the sentence to time served (52 days) with a probationary term to follow (with attendant conditions including restitution of a huge sum garnered by Guevremont's fraud). However, in imposing the reduced sentence, the able district judge inadvertantly failed to pronounce what is required by § 3651—that the execution of the balance of the period of incarceration would be suspended and the defendant placed on probation. Instead, the court orally modified the sentence to time served and, in the written rendition, vacated the original sentence in order to reimpose a term of 52 days. It therefore suspended nothing—given the way in which sentence was reimposed, there was nothing left to suspend—but nonetheless also imposed a term of probation with a restitution condition.

Guevremont moved to vacate the probationary term, and therefore the restitution condition, as illegal, claiming that when the district court resentenced him to time served it had exhausted its power to sentence on the single count. In his view, the successive probationary term was a second sentence on a single count conviction that constituted an impermissible increase in sentence. The district court, purporting to rely on Federal Rule of Criminal Procedure 36, which is entitled "Clerical Mistakes," entered a corrected judgment correcting the amended sentencing order by performing the proper steps—i.e., suspending the portion of the original sentence that Guevremont had not served and placing him on probation for three years with a condition of restitution. Guevremont appeals from the corrected judgment, alleging that the court's power to correct the sentence extended only to vacatur of the allegedly illegal order of probation and therefore the accompanying order of restitution.

We conclude that Rule 36 does not support the district court's position, for the district court revamped the entire sentence instead of confining itself to the correction of a clerical error. However, we believe

that Guevremont's sentence, as imposed after the initial Rule 35 proceeding, was illegal and that the district court therefore had the power to correct that illegal sentence under Rule 35(a). Rejecting Guevremont's arguments, we conclude that there was no constitutional or other inhibition restricting this correction of sentence because inhibition restricting possible judicial vindictiveness is removed by the fact that (1) the sentencing judge's intentions were made clear, (2) the correction simply makes the sentence conform to the sentencing judge's original and interdependent sentencing plan, and (3) Guevremont was neither surprised nor prejudiced by the change in his sentence, for he had induced the court to reduce the sentence by his promise of restitution.

We will therefore affirm the challenged judgment.

## I. FACTS AND PROCEDURAL HISTORY

The facts are not in dispute. The First Interstate Bank of California erroneously credited monies to Guevremont's account. Unlike the familiar $200 "bank error in your favor" in the board game "Monopoly," this error involved approximately $325,000. After squandering the money, Guevremont informed the authorities. Thereafter, he attempted to bargain with the bank with respect to the amount and mode of repayment and, after these attempts failed, he was charged with wire fraud, 18 U.S.C. § 1343.

On November 23, 1983, after pleading guilty to one count of wire fraud, Guevremont was sentenced by the district court to eighteen months in prison. Twenty days later, Guevremont moved for a reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b). On January 13, 1984, the district court held a hearing during which testimony was received to the effect that: (1) since Guevremont was a Canadian citizen and had received a sentence of

---

**1.** In relevant part, the Rule provides:
    A motion to reduce a sentence may be made, or the court may reduce a sentence without

motion, within 120 days after the sentence is imposed....

greater than one year, he would not be allowed back in the United States if his sentence were not reduced; (2) during Guevremont's trip to his ultimate place of confinement, the U.S. correctional institution at Sandstone, Minnesota, he was housed in isolation at several federal prisons, causing him considerable suffering; and (3) the prison he was finally transferred to was so far from his family that it was a physical hardship for them to visit him.

During the hearing, Guevremont's attorney stated on Guevremont's behalf:

I called the bank after the sentencing and said that I have talked to Mr. Guevremont and when he gets out he will pay you [i.e., the bank] back, that he will pay you anyway. He owes you the money and no matter what, he will start making payment as soon as he gets out of jail.... [E]ven after ... your Honor's sentence, Mr. Guevremont said, tell the bank they could—I am going to pay them back when I get out here.... He said that you [the bank] would get paid.

Transcript of Sentence, Jan. 13, 1984, at 6. There was also testimony that an unsigned formal agreement had been made under which Guevremont had started to pay back the money. Additionally, Guevremont's mother made an emotional plea for leniency.

The district court, expressing its concern about the importance of restitution, and believing that probation with an order of restitution would ensure that Guevremont paid back the money, granted the motion and reduced the sentence by "modifying" it to time served plus a period of five years probation with restitution as a condition of probation. The court's oral order stated as follows:

The Court will enter the following Order. The sentence heretofore entered on November 23, 1983 is hereby *modified* and reduced to time served, which means he is free, today. But the further provision, the defendant is placed on probation for

a period of five years. The defendant shall make restitution to the financial institution.... This comes under our new witness/victim impact statement, [sic: Victim and Witness Protection Act] 18 U.S. Code, Section 3579 and 3580.

Sentence of the Defendant, p. 9 (emphasis added). The written order, also of January 13, 1984, stated:

It is on this 13th day of January, 1984, hereby ORDERED:

1. The sentence heretofore rendered on November 23, 1983, as reflected in the judgment and commitment order dated and entered November 28, 1983, is *VACATED*; and

2. It is ADJUDGED that the defendant is committed to the custody of the Attorney General or his authorized representative for a term of imprisonment commencing November 23, 1983, and extending to January 13, 1984, with a five (5) year probation period to commence upon defendant's completion of said term of imprisonment.

(emphasis added)

Seizing on putative errors and omissions in the January 13, 1984 order, Guevremont moved to correct the sentence pursuant to Rule 35(a) by requesting the deletion of the probationary period and the accompanying order of restitution. These requests would have changed the sentence to simply time served.[2] His principal argument was that, despite its apparent intention to impose a "split sentence" which would support a probationary term on a one count conviction, the district court neglected to utter the "magic words" that the execution of the balance of the term of imprisonment was suspended. The district court denied defendant's motion to vacate the period of probation with its attendant requirement of restitution; rather, relying on Federal Rule of Criminal Procedure 36, it issued a corrected judgment:

It is on this *20th* day of October, 1986, ORDERED that:

---

**2.** Although Guevremont's motion invoked "Rule 35" without further specificity, it is plain that he

relied on Rule 35(a).

The sentence heretofore rendered on November 23, 1983, as reflected in the judgment and commitment order dated and entered November 28, 1983, and as further reflected in the order of January 13, 1984, is CORRECTED as follows:

1. It is ADJUDGED that the defendant is committed to the custody of the Attorney General or his authorized representative for a term of eighteen months imprisonment to serve that period of time commencing November 23, 1983, and extending to January 13, 1984; the balance of the term sentence is suspended, with a five (5) year probation period to commence upon defendant's completion of said term of imprisonment.

2. The defendant shall reimburse the First Interstate Bank of California, Los Angeles, California, in the amount of $310,000.00 [3] in accordance with a payment schedule presented to the court and which may be modified by the Probation Department if circumstances warrant; the reimbursement of the aforesaid sum of $310,000.00 shall also constitute a special condition of probation (18 U.S.C. § 3651 (1982)).

It is further ORDERED that the clerk deliver three certified copies of this order to the United States Marshal or other qualifying officer.

It is from this judgment that Guevremont appeals. The question presented on appeal is whether the district court validly corrected the sentence.[4]

## II. POWER OF THE COURT TO CORRECT SENTENCE

A. *Federal Rule of Criminal Procedure 36: Clerical Errors*

■ The first question we must address is whether the district court had the power to correct the order under Fed.R.Crim.P. 36, which states:

> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

The government urges that Rule 36 empowered the court to correct the sentence as it did on October 20, 1986. We disagree. As courts have held in the context of Rule 36's twin, Federal Rule of Civil Procedure 60(a),[5] a clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Dura-Wood Treating Co. v. Century Forest Indus.*, 694 F.2d 112, 114 (5th Cir.1982). This definition of a clerical error is equally applicable in the context of Rule 36. 3 C. Wright, *Federal Practice and Procedure* § 611 (1982).

When the court changed the word "VACATED" to "MODIFIED," it was not correcting a clerical error or at least none of any significance for, whether the original sentence was modified or vacated and accompanied by resentencing, either method effectively alters the sentence. More importantly, none of the other facts of the court's corrected order of October 20, 1986 simply corrects a clerical error. Because the remaining errors were made in the oral order itself, they arose from an oversight or omission by the court, rather than through a clerical mistake, and thus are not within the purview of Rule 36. *Nicholson v. United States*, 303 F.2d 161 (9th Cir. 1962); *See also* 3 C. Wright, *Federal Practice and Procedure* § 611 (1982). Moreover, the corrected order does not merely

---

**3.** Guevremont had repaid approximately $15,-000.

**4.** Guevremont's other contention, pertaining to the statutory basis for the restitution order, is patently without merit and need not be addressed.

**5.** Civil Rule 60(a) is, in relevant part, identical to Criminal Rule 36. Rule 60(a) states:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

correct a clerical mistake; rather, it substantially revamps the order.

### B. *Federal Rule of Criminal Procedure 35(a): Correction of Illegal Sentences*

[2] Alternatively, the government contends that the district court had the power to correct the order under Fed.R.Crim.P. 35(a). This rule states:

> (a) **Correction of Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

We find that Guevremont's reduced sentence was illegal for purposes of Rule 35(a). We have held in this circuit that, in the context of a single count conviction, a sentence of probation imposed without a suspended sentence is an illegal sentence. *United States v. Stupak,* 362 F.2d 933 (3d Cir.1966). Moreover, according to a leading commentator,

> illegal sentences are essentially only those which exceed the relevant statutory maximum limits or violate double jeopardy or are ambiguous or internally contradictory. Sentences imposed in an illegal manner are within the relevant statutory limits but are imposed in a way which violates defendant's right, under Rule 32, to be addressed personally at sentencing and to speak in mitigation of punishment, or his statutory right to be asked about his prior convictions in a proceeding to impose an enhanced sentence in a narcotics conviction, or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises.

8A J. Moore, *Moore's Federal Practice* ¶ 35.03[2] (2d ed. 1987) (footnotes omitted).[6] Because the court imposed probation without the supporting suspended sentence, the probation exceeded the statutory limits. In any event, Guevremont himself acknowledged that the sentence was illegal in his motion for correction before the district court. Therefore, as an illegal sentence, Guevremont's reduced sentence may be corrected by the district court at any time. Fed.R.Crim.P. 35(a).

### III. WAS THE SENTENCE IMPROPERLY INCREASED?

Because the district court explicitly reduced the sentence to time served, Guevremont argued that the district court thereupon exhausted its power as to the single count; under this view, the district court's addition of a probationary term would represent an impermissible increase in sentence. Such an increase would implicate the double jeopardy provision of the Constitution. Indeed, any time a sentence is increased, concern arises as to the possibility of judicial vindictiveness against the defendant for appealing or filing a motion. *See North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). However, where the increase of sentence results from the correction of an illegal sentence to make it conform to the statutory minimum or to the original intent of the sentencing judge, the argument that the double jeopardy clause precludes an increase of sentence has been uniformly rejected.

The Supreme Court's decision in *Bozza v. United States,* 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1946), holds that, where an imposed sentence is less than the statutory minimum, it may be corrected through an increase in sentence. In *Bozza,* although the relevant statute required that the sentencing judge impose a jail term and a fine, the defendant was sentenced to prison only. The judge corrected the sentence by

---

**6.** In contrast, a sentence is *imposed* in an illegal manner when a judge does not follow the appropriate procedures for imposing that sentence. *See United States v. Ramsey,* 655 F.2d 398 (D.C. Cir.1981). *But cf. United States v. Cevallos,* 538 F.2d 1122 (5th Cir.1976) (failure of court to follow appropriate procedures to enhance sentence rendered enhanced sentence illegal). Because in this case the court did not fail to follow the appropriate procedures, Guevremont's allegations do not involve the imposition of a sentence in an illegal manner.

adding a fine; the defendant appealed, arguing that the judge's action violated the constitutional protection against double jeopardy. The Supreme Court held that the correction did not constitute double jeopardy: "the Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." 330 U.S. at 166–67, 67 S.Ct. at 648–649. All circuits passing on the matter since *Bozza* have similarly found that an increase of sentence to the statutory minimum does not violate the double jeopardy protection.[7]

In addition to allowing an increase in sentence when the sentence is less than the statutory minimum, courts have also held that, where the sentencing judge's intention is clear, an increase of the sentence to make it conform with that intention is constitutional. In *United States v. Busic*, 639 F.2d 940 (3d Cir.), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981), we rejected the argument that the Constitution does not allow an increase of sentence in a case where the sentencing judge's intention is clear. In *Busic*, we ruled that, where one count of an interdependent sentencing plan has been vacated on appeal, the entire plan should be vacated and the defendant should be resentenced according to the initial intent of the court. We found that, under the circumstances, concerns of judicial vindictiveness were removed and to hold otherwise would allow "the court's sentencing plan ... [to be] thwarted." 639 F.2d at 947. *Accord, United States v. Hagler*, 709 F.2d 578 (9th Cir.), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983); *United States v. Henry*, 680 F.2d 403 (5th Cir.1982).

In Guevremont's case, the reasons for allowing the correction of the entire sentence are the same as they were in *Busic:* fears of judicial vindictiveness are not present, and if we held otherwise the court's sentencing plan would be "thwarted" and its intent frustrated. In this case there is no doubt that the district court intended to impose a probationary term subject to a restitution condition thereby requiring the defendant to pay back the huge sum he had fraudulently obtained. This condition served to ensure that Guevremont would be faithful to his promise to repay, which had induced the court to reduce his sentence; therefore all parts of the sentence were interdependent. Only a technical error in resentencing impeded the effectuation of the judge's intent. We believe that the cases mentioned above support the view that, under these circumstances, the district court's order correcting the illegal sentence was appropriate and does not bring to bear double jeopardy concerns of possible judicial vindictiveness.

Cases from other circuits are in agreement. *See, e.g., United States v. Paul*, 783 F.2d 84 (7th Cir.1986) (after defendant moved to correct sentence, district court was authorized to append order of restitution to count on which there was no imprisonment imposed); *United States v. Jefferson*, 760 F.2d 821 (7th Cir.1985) (because district court could drastically decrease or increase sentence imposed after court of appeals vacated all sentences and directed resentencing, new sentence did not violate double jeopardy), *vacated on other grounds*, 474 U.S. 806, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985); *United States v. Carter*, 704 F.2d 1063 (9th Cir.1983) (increase

---

**7.** *See United States v. Davis*, 561 F.2d 1014, 1017–18 (D.C.Cir.1977), *cert. denied*, 434 U.S. 929, 98 S.Ct. 416, 54 L.Ed.2d 290 (1977); *Bell v. United States*, 521 F.2d 713, 716 (4th Cir.1975), *cert. denied*, 424 U.S. 935, 96 S.Ct. 1121, 41 L.Ed.2d 324 (1976); *United States v. Kenyon*, 519 F.2d 1229, 1232–33 (9th Cir.1975), *cert. denied*, 423 U.S. 935, 96 S.Ct. 293, 46 L.Ed.2d 267 (1975); *United States v. Richardson*, 498 F.2d 9, 10 (8th Cir.1974), *cert. denied*, 419 U.S. 1020, 95 S.Ct. 494, 42 L.Ed.2d 294 (1974); *Thompson v. United States*, 495 F.2d 1304, 1306 (1st Cir.1974);

*United States v. Brock*, 507 F.2d 1114, 1116 (D.C. Cir.1974); *Garcia v. United States*, 492 F.2d 395, 397–98 (10th Cir.1974), *cert. denied*, 419 U.S. 897, 95 S.Ct. 178, 42 L.Ed.2d 142 (1974); *Caille v. United States*, 487 F.2d 614, 616 (5th Cir. 1973); *United States v. Thomas*, 356 F.Supp. 173, 174 (E.D.N.Y.1972), aff'd, 474 F.2d 1336 (2d Cir.1973); *see also, Safrit v. Garrison*, 623 F.2d 330, 332 (4th Cir.1980) (dicta: "It is clear, of course, that a void or illegal sentence may be corrected, even though the correction may result in an increase in sentence.").

of sentence to term originally imposed after district court reduced sentence without statutory authority did not violate double jeopardy); *United States v. Allen*, 588 F.2d 183, 185 (5th Cir.1979) (federal court, unauthorized by federal law to order federal sentence to run concurrently with state sentence, could correct sentence even though "correct[ed] sentence may be more onerous"); *Thompson v. United States*, 495 F.2d 1304 (1st Cir.1974) (double jeopardy clause was not violated when court corrected sentence under statutory minimum by adding statutorily required special parole term).

Guevremont mistakenly relies on *United States v. Stupak*, 362 F.2d 933 (3d Cir. 1966), where this court held that, in a single count case, an illegal order of probation without a suspended sentence must be vacated. In *Stupak*, the defendant was originally sentenced to four months in prison and two years probation on a single count although no suspended sentence supported the probationary term. Because this was an original sentence, there was no indication of what term of imprisonment the judge originally intended to impose and suspend. Guevremont's case is distinguishable in that the correction of the reduced sentence follows the imposition of the original sentence. Moreover, the district court's remarks at resentencing made clear the judge's intent to reduce Guevremont's sentence while imposing probation with a condition of restitution. We therefore need not guess what the district judge's intent was, and judicial vindictiveness is clearly not present.

The closest analogy to Guevremont's case is not *Stupak* but *United States v. Faust*, 680 F.2d 540 (8th Cir.1982). Faust was originally sentenced, on a single count conviction, to a three year prison term. During a Rule 35(b) proceeding, his sentence was "commuted" to time served; however, an additional term of probation was imposed for the balance of the three year term, without the suspension of execution which would create the split sentence needed to support probation on one count. The district court later modified the sentence to suspend the unserved portion of the three year sentence and impose a term of thirty months probation. The court of appeals held that the commutation order was illegal for impermissible ambiguity because it placed Faust on probation "for the remainder of the three (3) year sentence" after that sentence had been "commuted," and that, because the order thus imposed an illegal sentence, the district court properly corrected the sentence to conform with the sentencing judge's intent.

We are aware of the potential mischief of permitting corrections of sentences. But where fear of possible judicial vindictiveness is removed by the fact that (1) the sentencing judge's intentions were made clear, (2) the correction simply makes the sentence conform to the sentencing judge's original and interdependent sentencing plan, and (3) Guevremont was neither surprised nor prejudiced by the change in his sentence, for he had induced the court to reduce the sentence by his promise of restitution, there is no statutory or constitutional inhibition against the correction.[8]

Accordingly, the judgment of October 20, 1986 correcting the sentence will be affirmed.

---

**8.** We do not deal here with exceptional circumstances such as where the defendant has already completed service of the illegal sentence.