

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-1-2009

# USA v. James Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3438

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. James Williams" (2009). *2009 Decisions*. Paper 1415.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1415

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-160                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3438
_____

UNITED STATES OF AMERICA

v.

JAMES T. WILLIAMS, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 95-cr-00407)
District Judge:  Honorable James Knoll Gardner

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 16, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges.

(Filed: May 1, 2009)
_____

OPINION
_____

PER CURIAM

Appellant James T. Williams appeals pro se from an order of the District Court

denying five separate applications.  For the reasons that follow, we will affirm.

This is not the first time we have outlined the facts of Williams' case, and for consistency's sake we incorporate his history from our recent opinion in In re Williams, 285 F. App'x 865 (3d Cir. 2008), as reference. There, we highlighted that by order dated April 5, 2000, the District Court gave Williams "sixty days [from] the conclusion of [his pending state murder] trial, but in no event later than August 1, 2000," to supplement pro se his counseled 28 U.S.C. § 2555 motion. That motion attacked his federal convictions for armed bank robbery and related crimes.

Williams' state murder trial did not conclude until August 1, 2001, one year after the deadline, and he had yet to supplement his § 2255 motion. On August 7, 2001, Williams moved to reopen the time to supplement his § 2255 motion. On August 9, 2001, the District Court denied the motion, finding that Williams' failure to abide by the time-table constituted a waiver of his right to raise supplemental issues pro se. Thereafter, the District Court proceeded on the counseled § 2255 motion as originally filed, and denied relief. Williams appealed, and we declined to issue a certificate of appealability. See United States v. Williams, No. 01-4125 (3d Cir. Sept. 24, 2002).

Between September 13, 2004, and June 2, 2008, Williams filed five pro se applications in the District Court, all of which stemmed from the August 9, 2001 denial of his motion to reopen the time to supplement his § 2255 motion. The applications purported to seek relief pursuant to Fed. R. Crim. P. Rule 36 and Fed. R. Civ. P. Rule 60(b), as well as mandamus relief. Williams' overarching contention was this: that the

2

District Court's April 5, 2000 order, setting an outside deadline of August 1, 2000, for supplementing pro se his counseled § 2255 motion, impermissibly contradicted an oral communication from the District Court that granted permission to supplement before expiration of a sixty-day period following his state murder trial. By order dated July 9, 2008, the District Court denied all five applications. This timely appeal followed.

As a preliminary matter, although his filings on appeal and motions before the District Court lack focus and clarity, we read them generously because Williams is pro se. That said, we agree with the District Court that insofar as Williams sought relief pursuant to Rule 60(b), his motion was untimely. The earliest relevant motion was filed on September 13, 2004, more than three years after the challenged order was entered. Thus, his Rule 60(b) motion was untimely, no matter which subsection Williams sought relief under. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding"); Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (two years not a "reasonable time" for 60(b) purposes); Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 913 n.7 (3d Cir. 1977) (expressing "serious doubts" that two and one-half year delay in filing Rule 60(b) motion would comply with "reasonable time" requirement).

Moreover, insofar as Williams claims that the April 5, 2000 order contained clerical errors, for which remedy pursuant to Fed. R. Crim. P. 36 would be applicable, we

agree with the District Court that such relief is inappropriate in this case. See United States v. Guevremont, 829 F.2d 423, 426 (3d Cir. 1987) ("a clerical error must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature"). Williams offers no evidence to counter the presumption that the District Court's inclusion of the August 1, 2000 deadline in its April 5, 2000 order was anything but intentional.[1] Finally, we also conclude that the District Court properly denied as moot Williams' mandamus petition and motions for judicial notice and to amend and/or supplement his earlier filings.

There being no substantial question presented by Williams' appeal from the denial of his motions, we will summarily affirm the District Court's order dismissing the case. See LAR 27.4; I.O.P. 10.6.

---

[1]We agree with Williams that one possible, out of context reading of the April 5, 2000 hearing's transcript is that he was given until after the pending state murder trial to file his pro se supplement to the § 2255 motion. Regardless, it was well within the District Court's power to insert a more definitive deadline in its written order.