**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | **)** | |
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Criminal No. 94-0025-3 (RMC)** |
| | **)** | |
| **Olutoyin O. Fashina,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |
| | **)** | |

**MEMORANDUM OPINION**

Petitioner in this matter is Olutoyin Fashina, a federal inmate proceeding *pro se*. Petitioner moves pursuant to Federal Rule of Criminal Procedure 36 and Federal Rule of Appellate Procedure 10(e) to correct and/or modify errors, omissions, misstatements and differences in the record in his criminal case with respect to his sentence on Count 9 of the indictment against him and his Bureau of Prisons' ("BOP") record.

Petitioner was charged on January 15, 1994 on four counts in a nine-count indictment relating to heroin distribution. A jury found Petitioner guilty of Count 1, conspiracy to distribute and possession with intent to distribute more than 100 grams of heroin; Count 8, distribution of heroin, aiding and abetting; and Count 9, possession with intent to distribute more than 100 grams of heroin. The Court sentenced Petitioner to serve 262 months for Count 1, 240 months for Count 8, and 262 months for Count 9. The District Court entered a written Judgment on December 5, 1994 to this effect.

Following his sentencing, Petitioner filed a motion under 28 U.S.C. § 2255, raising claims of ineffective assistance of counsel. The Court denied Petitioner's motion and the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") upheld this ruling. *United States*

*v. Fashina*, 159 F.3d 637 (D.C. Cir. 1998). Subsequently, Petitioner filed two requests with the D.C. Circuit for an order allowing him to file a second or successive § 2255 motion, both of which were denied. Petitioner filed another motion for relief under § 2255 in 2004 in this Court. On July 18, 2005, this Court denied that motion because it lacked subject-matter jurisdiction to address a second or successive motion under the statute without prior certification from the D.C. Circuit. Order Den. Def.'s Mot. to Vacate [Dkt. #322]. In 2006, Petitioner filed another motion in the D.C. Circuit for leave to file a second or successive § 2255 motion that was also denied. *In re Fashina*, No. 06-3002 (May 11, 2007) (unpublished).

Petitioner filed a petition to supplement the record to correct modify/omissions, misstatements, and differences pursuant to Federal Rule of Appellate Procedure 10(e) in May of 2009 in the D.C. Circuit. This Court denied this petition in June of 2009, in part because it challenged Petitioner's conviction and/or sentence. Such a challenge is properly the subject of a motion under § 2255. *In re Fashina*, No. 09-3040 (June 24, 2009) (unpublished). Petitioner again moved for leave to file a second or successive motion under § 2255 on February 16, 2010 in the D.C. Circuit. This Circuit also denied this petition because it was not based upon any newly discovered evidence or new rule of constitutional law as required by 28 U.S.C. § 2255(h). *In re Fashina*, No. 10-3008 (Sept. 14, 2010) (unpublished).

This Court makes the following findings with respect to the current Petition:

1. Petitioner claims the December 5, 1994 Judgment against him erroneously reflects that, on Count 9 of the indictment, Petitioner was convicted of "unlawful <u>distribution</u> with intent to distribute 100 grams or more of heroin and aiding and abetting and causing an act to be done." Petitioner was in fact convicted of "unlawful <u>possession</u> with intent to distribute 100 grams or more of heroin and aiding and abetting and causing an act to be done." This error was clerical in nature

and should be corrected pursuant to Federal Rule of Criminal Procedure 36. Rule 36 provides for the "correction of a clerical error in a judgment, order, or other part of the record."

2. Petitioner also claims that, due to this error, he was sentenced outside of his indictment, outside the jury verdict, and without jurisdiction as to Count 9 of the indictment. He further claims that the D.C. Circuit affirmed that his sentence on Count 9 is 240 months, and he is, therefore, serving an incorrect sentence. These claims are not properly bought under either Federal Rule of Criminal Procedure 36 or Federal Rule of Appellate Procedure 10(e). Rule 36 addresses only clerical errors related to the record or judgment in a case. *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987). Likewise, Rule 10(e) allows courts to correct omissions from or misstatements in the record for appeal. *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982). Petitioner improperly attempts to use these rules to challenge his conviction and sentence on Count 9 of the indictment against him.

3. Petitioner's claims with respect to Count 9 challenge the legality of his conviction and sentence and fall under 28 U.S.C. § 2255. *See Williams v. Gonzales*, 567 F. Supp. 2d 148, 149 (D.D.C. 2008);*United States v. Ackers*, 519 F. Supp. 2d 94, 95-6 (D.D.C. 2007). Though Petitioner did not bring his claim under this statute, this Court is not bound by the framing of the Petition and may construe *pro se* claims liberally. *United States v. Palmer*, 296 F.3d 1135, 1143 (D.C. Cir. 2002). A motion that is functionally equivalent to a motion under § 2255 should be construed as such. *Williams*, 567 F. Supp. 2d at 149. Although courts should typically afford a petitioner notice and an opportunity to withdraw a petition before re-characterizing it as one under § 2255, because this is not Petitioner's first § 2255 petition, the rationale for this notice does not apply. *United States v. Jones*, 2009 WL 3613096 (D.D.C. Oct. 27, 2009) (citing *United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005)); *Harris v. United States*, 522 F. Supp. 2d. 199, 203 (D.D.C. 2007).

4.	Because Petitioner's claims are properly bought under § 2255 and Petitioner has previously filed motions under § 2255 in this Court, this Court lacks jurisdiction over his claims. A District Court cannot entertain a second or successive § 2255 motion in the absence of an order authorizing it to do so from the appropriate Court of Appeals. 28 U.S.C. § 2244(b)(3); 28 U.S.C. 2255.

5.	This Court further determines that the D.C. Circuit has already addressed Petitioner's challenge to his sentence on Count 9 and found that the challenge is not proper under § 2255. *In re Fashina*, No. 10-3008 (Sept. 14, 2010) (finding Fashina did not show cause for not raising his claims with respect to Count 9 of the indictment earlier and that he did not present any new evidence or new constitutional rule to allow the Court to certify his second motion under § 2255). Consequently, there is no need to transfer this matter to the D.C. Circuit, and Petitioner's claims should be denied without prejudice. *Harris*, 522 F. Supp. 2d at 203 ("If the court determines, however, that this Circuit has already decided the issues presented in a successive motion, it can simply dismiss the motion").

6.	Finally, Petitioner claims that his BOP record that labels him as an organizer of a heroin conspiracy should be corrected because the Pre-Sentence Report did not label him as such. This claim should be denied because Rule 36 and Rule 10(e) do not address this type of request for relief. These rules address corrections to a judgment, order, or any other part of the record in a case. They cannot be applied to correct records maintained by the BOP. Petitioner may pursue this claim through the Privacy Act, 5 U.S.C. § 552a(d)(2), with the BOP.


Dated: July 15, 2011

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge