**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1930
_____

UNITED STATES OF AMERICA

v.

LOUIS MARTIN AGNES,
                     Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-93-cr-00314-001
District Judge: The Honorable Ronald L. Buckwalter


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2012

Before: RENDELL, SMITH, and BARRY, *Circuit Judges*

(Filed: July 27, 2012)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Louis Martin Agnes appeals from the District Court's denial of his motion to

correct his sentence under Federal Rule of Criminal Procedure 36 in order to

1

receive credit for time served as the result of the revocation of his parole from an earlier conviction. We conclude that such a claim cannot be brought under Rule 36, and we will affirm.[1]

On March 14, 1983, Agnes was convicted by a jury of Hobbs Act extortion, in violation of 18 U.S.C. § 1951. Agnes was sentenced to 20 years imprisonment. On August 12, 1991, Agnes was paroled from this sentence. On October 22, 1992, while still on parole, Agnes was arrested in Florida on a Federal Parole Revocation Warrant for participating in the distribution of methamphetamine. Beginning on January 29, 1993, Agnes was incarcerated for violating the terms of his parole.[2]

On June 18, 1993, Agnes was indicted by a federal grand jury for the conduct that led to the revocation of his parole. Agnes was charged with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846; three counts of distributing and possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and three counts of distributing and possessing with intent to distribute methamphetamine in a school zone, in violation of 21 U.S.C. § 860(a).

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 1291.

[2] The facts relating to the revocation of Agnes's parole, including the precise conditions of his parole, are not evident from the record. We take the facts as recited in the parties' briefs, as those facts have not been disputed. In any case, these facts affect neither our legal analysis nor our holding in this appeal.

On March 6, 1995, Agnes pled guilty to all seven counts. On July 25, 1995, the District Court held a sentencing hearing. At no point prior to or during the hearing did Agnes request that the District Court credit his time already served for the revocation of his parole. The District Court calculated a Sentencing Guidelines range of 292 to 365 months imprisonment, and sentenced Agnes to 292 months imprisonment on each of the seven counts, as well as a ten-year term of supervised release. The District Court stated orally that the 292-month sentence for each count was "to be served concurrently with each other and concurrently with the violation of parole sentence he's now serving."

The District Court filed its sentencing judgment on July 26, 1995. This judgment provided that the prison term on each count was to run concurrently with each other count, but did not reference his revocation of parole. On May 6, 1996, the District Court amended its judgment to provide that the prison term on each count "is to run concurrently to the violation of parole [s]entence the defendant is currently serving."

On October 16, 2009, after a lengthy history of administrative proceedings within the Bureau of Prisons, Agnes filed a *pro se* motion to modify his sentencing judgment under Federal Rule of Criminal Procedure 36. Agnes contested the Bureau of Prisons' determination that he would not receive credit for time served on his violation of parole sentence from January 29, 1993 through July 24, 1995,

3

towards his instant 292-month prison term. On March 16, 2010, the District Court denied Agnes's motion, noting that "[t]he Bureau of Prisons has correctly calculated his sentence in this case in accordance with 18 U.S.C. § 3585, and this court's judgment order of July 26, 1995, as amended May 6, 1996." Agnes timely appealed.[3]

We agree with the Government that this challenge is not properly brought under Rule 36.[4] Generally, a court "may not substantively alter a [sentencing] judgment without specific authorization." *United States v. Bennett*, 423 F.3d 271, 276-77 (3d Cir. 2005) (quoting *United States v. DeLeo*, 644 F.2d 300, 301 (3d Cir. 1981)). Rule 36 does permit a court to modify a sentencing judgment, but such modifications are "limited to the correction of *clerical* errors in the judgment. 'A clerical error involves a failure to accurately record a statement or action by the

---

[3] Though Agnes filed his notice of appeal *pro se*, he has since retained counsel. The briefing in this appeal was filed through retained counsel. Agnes has since filed a motion to strike his counsel's brief and to proceed *pro se*. We have previously cautioned that "a motion to discharge appellate counsel *after* counsel has filed a brief is likely to be denied." *United States v. Turner*, 677 F.3d 570, 576 n.3 (3d Cir. 2012). We see no reason to deviate from the general rule here, where counsel has adequately briefed the issue raised in Agnes's *pro se* notice of appeal, and where Agnes has provided no details concerning *why* he wishes counsel to be discharged. Accordingly, we will deny Agnes's motion.

[4] We review *de novo* the question whether a court had authority to amend its sentence under Rule 36. *See United States v. Bennett*, 423 F.3d 271, 274 (3d Cir. 2005). Though the District Court addressed Agnes's claims on the merits, "[w]e may affirm a district court for any reason supported by the record." *Brightwell v. Lehman*, 637 F.3d 187, 191 (3d Cir. 2011).

4

court or one of the parties.'"[5]  *Id.* at 277-78 (quoting 26 James W. Moore, et al., *Moore's Fed. Practice & Procedure* ¶ 636.02[2] (3d ed. 2005)).  Generally, the rule is "used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." *Id.* at 278.

Agnes has alleged no such clerical error.  Rather, he argues that when the District Court ordered his 292-month sentence to run concurrent with his sentence for violating his parole, the court intended retroactive effect, even though the amended sentencing judgment lacked any language evidencing such intent.  This is no clerical error "of the sort that a clerk or amanuensis might commit, mechanical in nature."  *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987) (quoting *Dura-Wood Treating Co. v. Century Forest Indus., Inc.*, 694 F.2d 112, 114 (5th Cir. 1982)).  Rather, Agnes alleges "an oversight or omission by the court, rather than . . . a clerical mistake[.]" *Id.*

*Guevremont* is instructive.  There, a district court resentencing a particular defendant issued a sentencing judgment "vacating" the original sentence.  The court's original sentence ordered restitution and a term of probation.  Because the second sentencing judgment vacated, rather than modified and suspended, the original sentencing judgment, the defendant argued that he was no longer required

---

[5] Rule 36 also permits a court to correct an "error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  Agnes has alleged no such error in the instant record.

to submit to a term of probation, and was no longer liable for restitution. The District Court entered a third judgment under Rule 36, purportedly correcting the second sentencing judgment in accordance with its original intent to keep intact the term of probation and restitution order. We reversed, holding that even if the court had not intended to vacate the defendant's restitution order, Rule 36 did not permit it to substantively modify its sentencing judgment after it was issued. We noted that "the corrected order does not merely correct a clerical mistake; rather, it substantially revamps the order." *Id.* at 426-27.

As in *Guevremont*, amending the District Court's judgment to give retroactive credit for time served from January 29, 1993 through July 24, 1995 would "substantially revamp[ ]" the court's sentencing order. Even if the District Court intended retroactive effect, and we do not believe that it did, Agnes's claim is simply "not within the purview of Rule 36." *Id.* at 426.[6]

Accordingly, we will affirm the judgment of the District Court.

---

[6] The Government argues that Agnes's claim is closer in nature to a habeas claim challenging the Bureau of Prisons' execution of his sentencing judgment. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-42 (3d Cir. 2005) (holding that 28 U.S.C. § 2241 permits a federal inmate to challenge the execution of his or her sentencing judgment). On appeal, Agnes rejects the Government's argument, and continues to characterize his claim as a Rule 36 motion as opposed to a habeas petition. As such, we see no need to construe Agnes's claim as a habeas petition in order to consider it on the merits.