DLD-021                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1981
_____

UNITED STATES OF AMERICA

v.

LOUIS MARTIN AGNES,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 93-cr-00314)
District Judge:  Honorable Ronald L. Buckwalter
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 30, 2014

Before:  FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed:  November 5, 2014)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Louis Martin Agnes, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his motion pursuant to Federal Rule of Criminal Procedure 36. For the reasons that follow, we will affirm the judgment of the District Court.

On July 25, 1995, Agnes was sentenced on convictions for numerous counts of drug trafficking. When his sentence was imposed, Agnes was serving a sentence for violating parole related to an earlier conviction. The District Court stated at sentencing that the 292-month sentence for each count was to be served concurrently with each other and concurrently with the parole violation sentence. The judgment, however, provided that the sentence on each count was to run concurrently with each other, but did not reference the parole violation sentence. On May 6, 1996, the District Court amended the judgment to provide that the sentence "is to run concurrently to the violation of parole [s]entence the defendant is currently serving." 5/6/96 Order.

On October 16, 2009, Agnes filed a motion pursuant to Federal Rule of Criminal Procedure 36 asserting that he should receive credit towards his 292-month sentence for time served on his parole violation sentence from January 29, 1993 through July 24, 1995. The District Court denied the motion on the merits. We affirmed the District Court's judgment on the ground that Agnes' challenge was not properly brought under Rule 36. We explained that Rule 36 allows the court to correct clerical errors in a judgment, and that the error alleged by Agnes – that the District Court intended his sentence to run retroactively concurrent with his parole violation sentence – was not such

2

an error.  <u>United States v. Agnes</u>, 490 F. App'x 426, 428 (3d Cir. 2012) (non-precedential).

On December 16, 2013, Agnes filed another motion pursuant to Rule 36 again arguing that his drug trafficking sentence should run concurrently with his parole violation sentence so that he would get credit for the 29 months served before his sentencing on July 25, 1995.  Agnes asserted that the District Court made a clerical error when it amended its judgment by providing that his sentence would run "concurrent to" instead of "concurrent with" his parole revocation sentence.  In response, the United States argued that Agnes' motion was barred by the doctrine of res judicata.  Noting its previous decision and this Court's decision on appeal, the District Court denied the motion.  This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We have not decided the standard of review applicable to the denial of a Rule 36 motion and other courts of appeals have applied different standards.  <u>See</u>, <u>e.g.</u>, <u>United States v. Dickie</u>, 752 F.2d 1398, 1400 (9th Cir. 1985) (per curiam) (applying a clear error standard); <u>United States v. Niemiec</u>, 689 F.2d 688, 692 (7th Cir. 1982) (applying an abuse of discretion standard).  We will not resolve this question here because Agnes is not entitled to relief under either standard.

The District Court and this Court have previously addressed Agnes' claim.  Agnes reframes his claim in an effort to bring it within the purview of Rule 36, but he is attempting to relitigate the claim raised in his prior motion.  Agnes argued below that he

3

did not have a full opportunity to litigate his first motion in District Court, but he appealed and the matter was fully briefed in this Court.

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.