CLD-268                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1790
_____

UNITED STATES OF AMERICA

v.

MONROE E. BULLOCK, a/k/a Munchie

Monroe E. Bullock,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-95-cr-00296-002)
District Judge: Paul S. Diamond
_____

Submitted for Possible Dismissal for Lack of Appellate Jurisdiction or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 16, 2015

Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: July 23, 2015)
_____

OPINION*
_____

PER CURIAM

Monroe Bullock appeals from an order of the District Court denying his Rule 36

motion to correct a clerical error.  For the reasons that follow, we will summarily affirm.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Bullock was convicted of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, following a jury trial in 1996. As set forth in the presentence report ("PSR"), the United States Probation Office calculated an adjusted offense level for trafficking in crack cocaine of 44, and Bullock was placed in criminal history category III. The resulting Guidelines range was life imprisonment, and, at the sentencing hearing, the District Court adopted the Guidelines calculation set forth in the PSR and imposed a sentence of life imprisonment. We affirmed on direct appeal, see C.A. No. 96-1639, and the United States Supreme Court denied certiorari.

In September 1998, Bullock filed a motion to vacate sentence under 28 U.S.C. § 2255, raising numerous claims of ineffective assistance of trial and appellate counsel, including one concerning the failure of trial counsel to require the Government to prove that the substance sold was crack cocaine and not some other form of cocaine base. In an order entered on February 9, 1999, the District Court denied the § 2255 motion on the merits. We then denied Bullock's request for a certificate of appealabilty, see C.A. No. 99-1175.

Thereafter, Bullock sought to challenge his drug trafficking conviction and sentence through a variety of means, including a mandamus petition, a Rule 60(b) motion, an independent action pursuant to Rule 60(b)'s savings clause, and applications in this Court to file a second or successive § 2255 motion. None of these efforts were successful. But, on September 24, 2008, the District Court reduced Bullock's sentence to

2

360 months pursuant to Amendment 706, which reduced the base offense level for crack cocaine, see U.S.S.G. § 2D1.1; 18 U.S.C. § 3582(c)(2), by two levels. Bullock then sought another reduction in sentence in 2013 pursuant to Amendment 591, which clarified that the Guidelines section used to set the base offense level must correspond with the actual offense of conviction, see United States v. Diaz, 245 F.3d 294, 301 (3d Cir. 2001). The District Court denied this motion because the correct Guidelines section was used to calculate Bullock's base offense level.

On July 25, 2014, Bullock filed a motion to correct clerical errors pursuant to Federal Rule of Criminal Procedure 36. In his Rule 36 motion, Bullock argued that there are "clerical errors" that need to be corrected, pertaining to whether or not the controlled substance that he conspired to distribute was crack cocaine, in (1) the District Court's memorandum opinion denying his § 2255 motion; (2) the District Court's order denying his 2013 motion for reduction of sentence; and (3) the PSR. Bullock once again claimed that the Government did not introduce sufficient evidence that he conspired to distribute crack cocaine and not some other form of cocaine base. In an order entered on December 17, 2014, the District Court denied the motion as meritless. Bullock filed his notice of appeal from the District Court's decision on March 25, 2015.

Upon the docketing of Bullock's appeal in this Court, our Clerk notified the parties that it appeared that the appeal was untimely filed under Federal Rule of Appellate Procedure 4(a)(1)(B) (providing for 60-day appeal period when United States is a party). The parties also were advised that we might take summary action on the appeal if no

substantial question was presented by it. The parties were invited to submit responses and they have done so. We have considered those responses.

We find that appellate jurisdiction is not lacking. The time period provided for criminal appeals, Fed. R. App. 4(b)(1)(A) (fourteen days), applies here because the only rule permitting the relief Bullock sought – the correction of clerical errors – is a rule of criminal procedure. Bullock filed a motion in the District Court for equitable tolling of the Rule 4(b) appeal period, asserting that he did not timely receive a copy of the District Court's order denying his Rule 36 motion. In response, the Government advised the District Court that it would not seek to enforce the Rule 4(b) time limit, noting correctly that it is not a jurisdictional requirement, but rather a "claim-processing" rule. Government of Virgin Islands v. Martinez, 620 F.3d 321, 327-29 (3d Cir. 2010). On this basis, the District Court denied Bullock's motion for an extension of time to appeal as moot. Accordingly, because Rule 4(b) is a "claim-processing" rule and the Government has elected not to enforce it, we will not dismiss the appeal as untimely filed, id. We have jurisdiction under 28 U.S.C. § 1291.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly denied Bullock's Rule 36 motion. Rule 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. Pro. 36. This rule is limited: it permits courts to correct only clerical errors -- that is, "a failure to accurately record a

4

statement or action by the court or one of the parties." <u>United States v. Bennett</u>, 423 F.3d 271, 278 (3d Cir. 2005) (internal quotation marks and citations omitted). "[A] clerical error 'must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" <u>United States v. Guevremont</u>, 829 F.2d 423, 426 (3d Cir. 1987) (quoting <u>Dura-Wood Treating Co. v. Century Forest Indus.</u>, 694 F.2d 112, 114 (5th Cir. 1982)). The references in the two District Court opinions/orders and PSR that Bullock conspired to distribute crack cocaine are not clerical errors. There was no failure to accurately record a statement or action by the District Court or one of the parties arising from an oversight or omission, and Rule 36 may not be used to challenge the sufficiency of the District Court's findings at sentencing.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Bullock's Rule 36 motion.